**Bernard R. LANZ and Dimitria Lanz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 67-CV-374.

United States District Court
N. D. New York.

May 22, 1968.

---

Robert A. Wilcox, of Wilcox & Wilcox, Oneida, N. Y., for plaintiffs.

Mitchell Rogovin, Asst. Atty. Gen., David A. Wilson, Jr., and Herbert Grossman, Attys., Dept. of Justice, Washington, D. C., for defendant.

TIMBERS, District Judge.*

## QUESTION PRESENTED

Cross-motions for summary judgment pursuant to Rule 56, Fed.R.Civ.P., in this action pursuant to 28 U.S.C. §§ 1340 and 1346(a) (1) to recover federal income taxes, plus statutory interest, representing a deficiency for the year 1965 claimed to have been erroneously assessed and collected, present the narrow question whether the cost of replacing the original tracks on a second-hand bulldozer—during the same year the bulldozer was purchased second-hand, the new tracks costing more than 25% of the second-hand price of the bulldozer—is deductible by plaintiffs as an ordinary and necessary business expense within the meaning of Int.Rev.Code of 1954, § 162(a), 26 U.S.C. § 162(a).

The Court holds that the cost of replacing the tracks on the bulldozer was a capital expenditure and is not deductible as an ordinary and necessary business expense.

Accordingly, there being no genuine issue as to any material fact and defendant being entitled to judgment as a matter of law, plaintiffs' motion for summary judgment is denied, defendant's is granted.

## FACTS

The facts are simple and not in dispute.

In April of 1965 plaintiffs purchased a second-hand bulldozer for $5,500, and in that same year purchased new tracks for the bulldozer at a cost of $1,532.65 to replace the original tracks which had become worn from use. In their 1965 federal tax return, plaintiffs treated the purchase and cost of the new tracks as a repair to the bulldozer and deducted the cost from their gross income for that year as an ordinary and necessary business expense. The Internal Revenue Service disallowed the deduction on the ground that the cost of the new tracks represented a capital expenditure rather than a business expense and served plaintiffs with a deficiency notice. Plaintiffs paid the additional tax plus interest and now seek the recovery of these sums in this action.[1]

---

* Chief Judge of the District of Connecticut, sitting by designation.

1. Plaintiffs have sued for refund of the sum of $648.40 (the amount of the de-

## OPINION

The general rule is that "incidental repairs which neither materially add to the value of the property nor appreciably prolong its life but merely keep it in an ordinary, efficient operating condition" may be classified as business expense items; on the other hand, "repairs in the nature of replacements which appreciably prolong the life of the property and arrest deterioration" are capital expenses. Libby & Blouin, Ltd. v. Commissioner, 4 B.T.A. 910, 914 (1926). See Union Pacific R. R. Co. v. United States, 99 U.S. 402, 420 (1878); Illinois Merchants Trust Co. v. Commissioner, 4 B.T.A. 103 (1926). Ordinarily a detailed consideration of all the circumstances surrounding the repair must be made to determine whether it is a business expense or capital expenditure. Buffalo Union Furnace Co. v. Helvering, 72 F.2d 399, 401 (2 Cir. 1934). Where, however, as here, in the very year of a used machine's purchase a set of parts is replaced at a cost of over 25 percent of the total cost of the entire machine, such replacement can in no way be categorized as an incidental repair which does not materially increase the value or life of the property. As the Internal Revenue agent who disallowed the claim so aptly put it, "if [plaintiffs' claim] were allowed, one could purchase an older used machine and in a few months replace all the parts, one by one, and have a completely new machine with the entire cost expensed out as tax deductions." The Court therefore finds as a matter of law that the purchase of new tracks was a capital expenditure. Cf. Buffalo Union Furnace Co. v. Helvering, 72 F.2d 399, 402 (2 Cir. 1934); LaSalle Trucking Co. v. Commissioner, 22 CCH Tax Ct.Mem. 1375, 1383 (1963).[2]

## ORDER

ORDERED as follows:

(1) That plaintiffs' motion for summary judgment is denied.

(2) That defendant's motion for summary judgment is granted.

(3) That the Clerk is directed to enter judgment in favor of defendant, with costs.

ficiency), plus statutory interest. Defendant points out that $186.83 of the deficiency was attributable to disallowance of a claimed fuel oil business expense—a disallowance not contested by plaintiffs. The actual amount of refund plaintiffs seek to recover in this action, therefore, is $461.57, plus interest.

2. Normally, this Court would not undertake to rule upon a question of importance to the revenue, regardless of the amount of the price tag, upon the sparse record presently before the Court. Aside from the complaint and answer, the only information furnished to the Court, factual or legal, appears in what charitably may be described as the mini-briefs of the parties. Not even the pertinent section of the Internal Revenue Code is cited by either side. Nevertheless, the question presented having been raised by cross-motions for summary judgment, the facts in effect are stipulated. Though sparse, they provide sufficient basis for the Court to rule as a matter of law on what the parties have agreed to be undisputed facts.